## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,    )
    )
    Plaintiff,    )
    )
    v.    )    Criminal No. 2019-53
    )
AKIL ERICKSON and MIKIEL ROBIN    )
    )
    Defendants.    )
_____)

ATTORNEYS:

**Gretchen Shappert, United States Attorney**
**Everard E. Potter, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
    *For the United States of America,*

**Yohana M Manning**
Christiansted, U.S.V.I.
    *For Akil Erickson.*

**Richard Coughlin, FPD**
**Kia Danielle Sears, AFPD**
Office of the Federal Public Defender
St. Thomas, U.S.V.I.
    *For Mikiel Robin.*

### ORDER

GÓMEZ, J.

Before the Court is the motion of Mikiel Robin to continue the trial in this matter.

On August 1, 2019, the Grand Jury returned an indictment charging Akil Erickson ("Erickson") and Mikiel Robin ("Robin") with several offenses. The Indictment charged Erickson and Robin jointly with one count of conspiring to launder money in

violation of 18 U.S.C. § 1956(h) and one count of bulk cash

smuggling in violation of 31 U.S.C. § 5332(a)(1). Additionally,

the Indictment charged Erickson and Robin each separately with a

count of bulk cash smuggling in violation of 31 U.S.C.

§ 5332(a)(1) and a count of making false statements in violation

of 18 U.S.C. § 1001(a)(2).

On August 5, 2019, Erickson and Robin were arraigned. At

that arraignment, the Magistrate Judge set the trial date for

September 23, 2019.

On September 18, 2019, this Court rescheduled the trial

date for October 2, 2019.

On September 25, 2019, Robin moved to continue the trial.

In his motion to continue, Robin asserts that his counsel will

be unavailable between September 29, 2019, and October 4, 2019.

While the Speedy Trial Act requires that defendants be

tried within seventy days of indictment, the Court specifically

finds that granting a continuance and extending this period

would be in the best interest of justice to afford Robin

continuity of counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(iv)

(providing that, among other factors, a judge should consider

"[w]hether the failure to grant [] a continuance . . . would

unreasonably deny the defendant . . . continuity of counsel");

*see also United States v. Lattany*, 982 F.2d 866, 871-72 (3d Cir.

1992) (explaining that "[b]efore excluding a period of time under an 'ends of justice' continuance," the district court must consider certain factors, including continuity of counsel); *United States v. Santiago-Becerril*, 130 F.3d 11, 17 (1st Cir. 1997) (explaining that, where a defendant had moved to continue his trial due to his counsel's unavailability, the "period of delay" caused by an ends of justice continuance includes the time "reasonably required to schedule a new trial date" in "consideration of the court's calendar").

The premises considered; it is hereby

**ORDERED** that Robin's motion to continue, ECF No. 26, is **GRANTED** in part; it is further

**ORDERED** that the jury trial previously scheduled to commence on October 2, 2019, is hereby **RESCHEDULED** to commence on November 4, 2019; and it is further

**ORDERED** that the time beginning from the date of this order granting an extension through November 4, 2019, shall be excluded in computing the time within which the trial for Erickson and Robin must be initiated pursuant to 18 U.S.C. § 3161.

S\_____

**Curtis V. Gómez**
**District Judge**