DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES,            )<br>                                          )<br>     Plaintiff,              )<br>                                          )<br>     v.                          )<br>                                          )<br>AKIL ERICKSON and MIKIEL ROBIN,  )<br>                                          )<br>     Defendants.            )<br>_____) | Case No. 3:19-cr-0007 |
| UNITED STATES,            )<br>                                          )<br>     Plaintiff,              )<br>                                          )<br>     v.                          )<br>                                          )<br>AKIL ERICKSON and MIKIEL ROBIN,  )<br>                                          )<br>     Defendants.            )<br>_____) | Case No. 3:19-cr-0053 |

**ORDER**

**BEFORE THE COURT** is the motion of the United States for reconsideration of the Court's June 3, 2020, Order. For the reasons stated below, the Court will deny the United States' motion.

On June 3, 2020, the Court entered an order dismissing the charges filed against Akil Erickson ("Erickson") and Mikiel Robin ("Robin") in Criminal Case Numbers 3:19-cr-0007 and 3:19-cr-0053 with prejudice for violations of the Speedy Trial Act.

On July 1, 2020, the United States filed a motion for reconsideration of this Court's June 3, 2020 Order. In its motion, the United States does not seek to challenge the Court's ruling. Rather, the United States requests that the Court remove or modify certain language that expresses skepticism about some of the United States' assertions and conduct in this matter.

On July 17, 2020, Robin filed a motion to strike the United States' motion for reconsideration.

Case: 3:19-cr-00053-RAM-RM   Document #: 63   Filed: 09/18/20   Page 2 of 3

*United States v. Erickson et al.*
Case Nos. 3:19-cr-0007 and 3:19-cr-0053
Order
Page 2 of 3

Local Rule of Criminal Procedure 1.2 provides that "[i]n cases of general procedure not covered by these Rules, the Local Rules of Civil Procedure shall apply." LRCr 1.2. Local Rule of Civil Procedure 7.3 permits motions for reconsideration only when there is (1) an intervening change in controlling law; (2) new evidence available; or (3) a need to correct clear error or prevent manifest injustice. LRCi 7.3; *see also Max's Seafood Café by Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995)). A motion for reconsideration "shall be filed within fourteen (14) days after entry of the order or decision unless the time is extended by the Court." LRCi 7.3; *see also Batista v. United States*, 377 Fed. App'x 145, 147 (3d Cir. 2010) (affirming district court's denial of motion for reconsideration because it was untimely pursuant to local civil rule governing motions for reconsideration).

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). "Such motions are not substitutes for appeals, and are not to be used 'as a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Cabrita Point Dev., Inc. v. Evans*, 52 V.I. 968, 975 (D.V.I. 2009) (quoting *Bostic v. AT & T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)).

In the context of a motion to reconsider, "manifest injustice 'generally means that the Court overlooked some dispositive factual or legal matter that was presented to it.'" *Id.* (quoting *In re Rose*, No. 06–1818(JLP), 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). Manifest injustice has also been defined as "'an error in the trial court that is direct, obvious, and observable.'" *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.2d 342, 348 (6th Cir. 2004) (quoting Black's Law Dictionary 974 (7th ed. 1999)). "[M]ost cases . . . use the term 'manifest injustice' to describe the result of plain error." *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1425 (5th Cir. 1996).

Here, the United States' motion for reconsideration was filed on July 1, 2020, 28 days after the Court entered its June 3, 2020 Order. As such, the United States' motion for reconsideration is untimely. Moreover, even if the United States had timely moved for

*United States v. Erickson et al.*
Case Nos. 3:19-cr-0007 and 3:19-cr-0053
Order
Page 3 of 3

reconsideration, it does not appear to present any intervening change in controlling law, new evidence that was previously unavailable, or a need to correct clear error or prevent manifest injustice.

The premises considered, it is hereby

**ORDERED** that the motion of the United States for reconsideration of the Court's June 3, 2020, Order is **DENIED**; and it is further

**ORDERED** that Robin's motion to strike the United States' motion for reconsideration is **MOOT.**


**Dated:** September 18, 2020         /s/ *Robert A. Molloy*
                                      **ROBERT A. MOLLOY**
                                      **District Judge**